In the Matter of ALEXANDER KUSHNER, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 4, 1988

### APPEARANCES OF COUNSEL

*Robert Straus (Diana Maxfield Kearse* of counsel), for petitioner.

*Jerome Karp* for respondent.

### OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by

this court on December 19, 1962. By order of this court dated May 14, 1985, *inter alia,* the respondent was suspended from the practice of law until the further order of this court. In this proceeding to discipline the respondent for professional misconduct, the Special Referee sustained 3 of the 4 charges of professional misconduct. Both the petitioner and the respondent moved to confirm the report of the Special Referee.

The first charge alleged that the respondent was convicted of a "serious crime" as defined by Judiciary Law § 90 (4) (d) in that the respondent pleaded guilty in the Superior Court of New Jersey, County of Bergen, to the crime of false swearing in violation of the New Jersey Code of Criminal Justice (NJ Stat Annot § 2C:28-2 [a]). The Special Referee sustained this charge.

The second charge alleged that during the course of a civil proceeding the respondent sought to avoid responsibility for payment of two promissory notes by filing a false certification dated September 14, 1981, in which he specifically denied signing either of the promissory notes. In fact, the respondent knew when he signed and filed the certification that he had signed the two promissory notes in question. The Special Referee sustained this charge.

The third charge of professional misconduct was not sustained by the Special Referee.

The fourth charge alleged that the respondent failed to register as an attorney with the Office of Court Administration as required by Judiciary Law § 468-a. The Special Referee sustained this charge.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the professional misconduct indicated above by his own admission. Both the petitioner's and the respondent's motions to confirm the report of the Special Referee are granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the fact that the New Jersey Supreme Court suspended the respondent from the practice of law commencing December 20, 1984, as well as the fact that on March 8, 1988, the respondent was reinstated in New Jersey.

Accordingly, the respondent should be, and hereby is, sus-

pended from the practice of law for a period of three years nunc pro tunc as of May 14, 1985, the date of his interim suspension in New York, and until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BROWN and LAWRENCE, JJ., concur.